UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MEADOW WOOD OF LAKE ZURICH HOMEOWNERS ASSOCIATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:26-cv-10121 |
| GREATER NEW YORK MUTUAL INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Meadow Wood of Lake Zurich Homeowners Association, by its undersigned attorneys, for its Complaint against Defendant, Greater New York Mutual Insurance Company, states as follows:

## FACTS

1. Plaintiff, Meadow Wood of Lake Zurich Homeowners Association ("Meadow Wood"), is a citizen of Illinois, being an Illinois not-for-profit corporation with its principal place of business in Lake Zurich, Illinois, and is responsible for administering and maintaining the 20 multi-unit townhome buildings located in Lake Zurich, Illinois (collectively "the Buildings").

2. Defendant, Greater New York Mutual Insurance Company ("GNY"), is a New York citizen, being a New York corporation with its principal place of business in New York, New York.

3. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332(c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because the events giving rise to its claims occurred in this judicial district. Additionally, GNY does business and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5. GNY issued to Plaintiff a commercial property insurance policy effective January 1, 2024 to January 1, 2025 ("the Policy"), a copy of which is attached to this Complaint as Exhibit A.

6. Under the "Condominium Association Coverage Form" of the Policy, GNY insured against direct physical loss of or damage to the Buildings caused by or resulting from a covered cause of loss.

7. Under the "Causes of Loss – Special Form" of the Policy, a covered cause of loss is direct physical loss unless the loss is excluded or limited in the Policy.

8. Loss caused by hail and wind are not excluded or limited under the terms and conditions of the Policy and, therefore, are a covered causes of loss.

9. On or about August 27, 2024, while the Policy was in full force and effect, the Buildings were damaged by hail and wind ("the Loss").

10. Plaintiff notified GNY of the Loss and submitted a claim to GNY for benefits due and owing under the Policy.

**<u>COUNT I</u>**
**(Breach of Contract)**

11. Plaintiff re-alleges paragraphs 1 through 10 of the Facts of the Complaint as paragraph 11 of Count I of the Complaint.

12. Plaintiff has substantially performed all post-loss conditions required by the Policy to be performed by it, requested of it, and/or not waived by GNY including, but not limited to (a)

paying all premiums; (b) giving notice of the loss; (c) cooperating with GNY in its investigation of the loss and ensuing claim; and (d) filing suit against GNY within two years of the loss.

13. It is GNY's contractual obligation to pay Plaintiff for amounts due under the Policy for the covered loss, including the cost to repair/replace the hail and wind damage to the Buildings.

14. Although requested to do so, GNY has failed to pay for the full actual cash value of the hail and wind damage to the Buildings, which failure and refusal constitutes a breach of the Policy.

15. GNY's breach of the Policy was and is the direct and proximate cause of damage to Plaintiff in an amount in excess of $75,000.

16. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Plaintiff is entitled to prejudgment interest.

WHEREFORE, Plaintiff, Meadow Wood of Lake Zurich Homeowners Association, prays for judgment in its favor and against Defendant, Greater New York Mutual Insurance Company, in an amount in excess of $75,000 plus prejudgment interest and costs.

**COUNT II**
**(Section 155 Relief)**

17. Plaintiff re-alleges paragraphs 11 through 16 of Count I of the Complaint as paragraph 17 of Count II of the Complaint.

18. At the time of the Loss, GNY's internal claims policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code, as well as compliance with sections 154.4 and 154.6 of the Illinois Insurance Code.

19. Plaintiff is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of GNY engaging in the following vexatious and unreasonable conduct:

a. not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the Loss, a claim in which liability was reasonably clear, in violation of section 154.6 of the Illinois Insurance Code and in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.50 of the Illinois Administrative Code;

b. failing and refusing to pay the full actual cash value of the Loss to the Buildings without conducting a full, fair, and objective investigation based on all available facts and circumstances, in violation of its internal claims policies, practices, and procedures and in violation of section 154.6 of the Illinois Insurance Code;

c. failing to provide Plaintiff with a copy of the engineering report prepared by its engineer, YA Engineering Services ("YAES"), which report GNY based the denial of Plaintiff's claim upon;

d. quoting portions of the YAES Report in its denial letter to Plaintiff, yet failing to provide Plaintiff with a copy of the complete report detailing all of the engineer's findings;

e. failing to provide Plaintiff with a copy of the meteorological report and data prepared by Mr. Scott Ganson upon which it based its denial of the claim;

f. knowingly misrepresenting to Plaintiff in its denial letter that the hail and wind damage to the Buildings is the result of wear and tear; rust, corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself; faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, or remodeling, maintenance of part or all of any property on or off the described premises; and neglect of an insured to preserve the property from further damage at and after the time of loss, which misrepresentation served as a basis of the coverage declination, in violation of section 154.6(a) of the Insurance Code;

g. failing and refusing to reimburse Plaintiff for its covered hail and wind damage despite stating in the denial letter that its retained engineer, YAES, stated in its report that, "[t]he observable evidence of hail impacts at the property includes spatter marks on various surfaces, the rounded dents in the soft metals, and the sporadic punctures and tears in the window screens…Based on the presence of spatter marks and the weather data reviewed for this report, the recent hail can be attributed to the August 27, 2024, storm date.";

h. failing and refusing to reimburse Plaintiff for its covered hail and wind damage despite stating in the denial letter that its retained engineer, YAES, stated in its report that, "[a] portion of the dents in the north-, south-, and west-facing downspouts, including the southwest and north-west facing downspouts on Building 9 and Building 10, can be attributed to recent hail," which "recent hail" was attributable to the August 27, 2024, storm date;

i. failing and refusing to reimburse Plaintiff for its covered hail damage despite stating in the denial letter that its retained engineer, YAES, stated in its report that "[t]he east gutter lips on Building 5 and the north gutter lips on Building 7 have isolated dents that can be attributed to hail impacts that occurred over the lifespan of the materials, including recent hail," which "recent hail" was attributable to the August 27, 2024, storm date;

j. failing and refusing to estimate the covered hail damage despite stating in the denial letter that its retained engineer, YAES, stated in its report that "[t]he following rooftop appurtenances have dents that were caused by hail impacts" a portion of which YAES attributable to impacts from August 27, 2024:
   - One static exhaust vent on Building 8
   - All metal roof turret caps
   - The box vents on Building 3
   - All gas appliance vent caps
   - The lead pipe vent cover on Building 18
   - The metal pipe vent flashing on Building 19.";

k. without proper cause, wrongfully and knowingly refusing to reimburse Plaintiff for all of its covered hail and wind loss under the Policy;

l. failing to be fair, open, and to carry out its part of the bargain under the insurance contract in good faith, contrary to its claim handling philosophy; and

m. forcing Plaintiff to retain legal counsel to investigate the Loss and claim and to sue to recover all benefits that should have been immediately forthcoming under the Policy.

WHEREFORE, Plaintiff, Meadow Wood of Lake Zurich Homeowners Association, prays for an award of taxable costs, including reasonable attorney fees, in its favor and against Defendant, Greater New York Mutual Insurance Company.

**Plaintiff demands a trial by jury.**

/s/ Christina M. Phillips
Christina M. Phillips
Emily Cabadas
Edward Eshoo, Jr.
Merlin Law Group
181 West Madison Street, Suite 3475
Chicago, Illinois 60602
Telephone:(312) 260-0806
Facsimile: (312) 260-0808
cphillips@merlinlawgroup.com
ecabadas@merlinlawgroup.com
eeshoo@merlinlawgroup.com
Attorneys for Plaintiff